No. 2,303.

JOHN J. FULTON, PETITIONER, v. JOHN HANNA, RESPONDENT.

APPEAL.—STAY OF EXECUTION.—When a full bond is given on appeal from an order denying a motion for a new trial, as provided in Section 349 of the Practice Act, execution is as effectually stayed upon the judgment pending such appeal, as it would have been pending a direct appeal from the judgment, with a like bond or undertaking.

APPEAL FROM ORDER DENYING A NEW TRIAL AFTER DISMISSAL OF APPEAL FROM JUDGMENT.—The fact that a direct appeal from the judgment has been dismissed, does not place the appellant in a different or more unfavorable position in respect to his appeal from an order denying a motion for a new trial than he would have occupied had no direct appeal from the judgment ever been taken.

REVERSAL ON APPEAL.—A reversal on appeal from an order denying a motion for a new trial, and remanding the cause for re-trial, as effectually vacates the judgment, as a reversal of the judgment upon a direct appeal therefrom.

CLERK OF COURT.—REMEDY AGAINST FOR REFUSAL TO ISSUE EXECUTION.— Where the Clerk of a Court refuses to issue an execution upon a simple money judgment, the remedy is by motion in the proper Court, or by action against him, and not by application for a writ of mandamus.

PETITION to the Supreme Court to issue a peremptory writ of mandate, directed to the respondent, John Hanna, County Clerk of the City and County of San Francisco, and ex-officio Clerk of the District Court of the Fourth Judicial District, commanding him forthwith to issue an execution upon a judgment rendered in favor of the petitioner, in the case of *Fulton v. Cox* and *Willcutt*. Defendants had appealed from the said judgment and the appeal had been dismissed for want of prosecution and a remittitur issued and filed below. Pending the appeal from the judgment, defendants moved the Court for a new trial. After the dismissal of the appeal from the judgment, the Court denied the motion for a new

trial, and the defendants then appealed from the order deny-ing said motion.

The other facts are stated in the opinion.

*Henry B. Janes,* for Petitioner.

The dismissal of the appeal was an affirmance of the judg-ment, and a bar to any other appeal. *(Karth* v. *Light,* 15 Cal. 324; *Rowland* v. *Kreynhagan,* 14 Id. 52; *Chamberlin* v. *Reed,* 16 Id. 207; Supreme Court Rules III.)

The judgment may be enforced in such a case, notwith-standing the pendency of an appeal from the order denying a motion for new trial. *(Spanagel* v. *Dellinger,* No. 968, July Term, 1870; *People* v. *Loucks,* 28 Cal. p. 68.)

A writ of mandamus will issue to compel the performance of an official act by a ministerial officer, notwithstanding his liability upon his bond. (Moses on Mandamus, p. 108; *McCullough* v. *Mayor of Brooklyn,* 23 Wend. 458; *People* v. *Loucks, supra.)*

Sec. 349 Pr. Act does not apply to an appeal from an order denying a new trial, but Sec. 256 stays proceedings by the undertaking required, only upon the judgment or order appealed from.

The appeal submitted on briefs to be filed was from the judgment *only,* and the addition of the second notice of appeal to the transcript was done *after* notice of this ap-plication was served. Objection has been interposed to each appeal. This proceeding does not attack the appeal now pending, which is from the order denying the motion for a new trial.

*W. H. Patterson,* for Respondent.

Mandamus is not the proper remedy; the relator has other specific and adequate remedy. (Moses on Mandamus, p. 61, and citations therein; *Draper* v. *Noteware,* 7 Cal. 276).

Nor even by mandamus will the clerk be compelled to issue execution on a judgment for the recovery of *money*

*damages* only. (*Goodwin* v. *Glazer*, 10 Cal. 333; *Kewen* v. *Johnson*, 11 Id. 260.)

*People* v. *Loucks*, (28 Cal. 68) was for the recovery of specific real property; and it is there held, that the party entitled to the writ of restitution cannot be adequately compensated by resorting to the Clerk's bond for damages, etc; and the case of *Fremont* v. *Crippen* (10 Cal. 215) is cited by this Court as a parallel case therein.

The appeal from the order denying the motion for a new trial is now pending and undetermined, and the undertaking given stays the execution of the judgment.

SPRAGUE, J., delivered the opinion of the Court, CROCK-ETT, J., and TEMPLE, J., concurring:

At the time petitioner demanded execution upon his judgment against Cox and Willcutt of respondent, as the Clerk of the Court in which judgment was rendered, there was an appeal pending in this Court from an order denying defendant's motion for a new trial of the cause, in which petitioner's judgment was obtained, on which appeal appellants had given a full bond to stay execution, as required by Section 349 of the Practice Act. I have no doubt this appeal operated a stay of an execution upon the judgment pending such appeal, and the circumstance that a prior appeal from the judgment had been dismissed by this Court for want of prosecution before an appeal from the order denying defendant's motion for a new trial therein had been perfected, cannot change the effect of an appeal from the order.

Although an appeal from an order denying a motion for a new trial is in a different and distinct line of proceeding from a direct appeal from a judgment, still a reversal on appeal from the order denying a motion for a new trial and remanding the cause for re-trial, as effectually vacates the judgment as a reversal of the judgment upon a direct appeal therefrom; and when a full bond is given on appeal from such order, as provided in Section 349 of the Practice Act, I can see no reason why execution is not as effectually stayed upon the judgment pending such appeal as it would

have been pending a direct appeal from the judgment, with a like bond or undertaking. The fact that a direct appeal from the judgment had been dismissed, certainly does not place the appellant in any different or more unfavorable position in respect to his appeal from the order than he would have occupied had no direct appeal from the judgment ever been taken within the time prescribed by the statute.

If these views be correct, the respondent very properly declined to issue the execution demanded by the petitioner, and no mandate should issue to compel a compliance with such demand.

Furthermore, the judgment, upon which petitioner demanded his execution, was a simple money judgment, and, if entitled to his execution, and respondent refused, upon proper demand, to issue the same, he had "a plain, speedy and adequate remedy in the ordinary course of law," by motion in the proper Court, or by action against the Clerk; and this alone, as a general rule, is a sufficient answer to his application for a writ of mandamus. (*Goodwin* v. *Glazer*, 10 Cal. 333.)

The writ must, therefore, be denied.

So ordered.

By RHODES, C. J.: I concur in the judgment.

Mr. Justice WALLACE, being disqualified, did not sit in this case.