[No. 4,376.]

# JOHN PARNELL *v.* JOHN HANCOCK AND JOHN F. LYONS.

SURETIES ON APPEAL BOND.—The sureties on an appeal bond cannot be sued until the judgment against their principal is in a condition to be enforced by an execution.

IDEM.—So long as there is an order of Court in force, staying execution on the judgment, against a party who had appealed from a lower Court, the sureties on his appeal bond cannot be sued.

APPEAL from the District Court, Third Judicial District, City and County of San Francisco.

John Gorman obtained a judgment in the Justice's Court of the City and County of San Francisco, against Black and Durkin. Black appealed to the County Court, and Porter and others became his sureties. The County Court gave judgment against Black and Durkin. Porter, one of the sureties, was sued on the appeal bond, by Parnell, the assignee of Gorman, and judgment rendered against him in the Justice's Court, on the 7th day of December, 1870, for one hundred and forty-six dollars and forty-eight cents. On the 27th of December, 1870, Porter appealed, and defendants Hancock and Lyons became his sureties. On the 12th day of July, 1870, the County Court gave judgment against Porter for three hundred dollars and twenty-five cents including principal and costs. In the judgment was a clause directing that execution be stayed until the further order of the Court, and until an assignment of the judgment of Gorman against Black and Durkin, be made to Porter, their surety. In this State of the case, while the execution on Parnell's judgment against Porter was stayed, he commenced a suit against Porter's sureties on appeal, Hancock and Lyons, to recover his judgment against Porter, the three hundred dollars and twenty-five cents. The Court below gave the plaintiff judgment, and the defendants appealed.

*A. M. Heslep,* for the Appellant.

The judgment in the premises is dependent on the character of the liability of Porter. If the judgment could be enforced against Porter, counsel admits the liability of the defendants and appellants. The liability of appellants rests upon the conditions of the bond. The judgment against Porter cannot be enforced until the performance of a condition precedent, *a fortiori,* the appellants are not liable until the condition precedent is complied with. The pleadings show a non-compliance; therefore, their liability is not fixed, for it is not a liability *in esse,* but *in futuro.* The judgment in this case involves the strange proposition that the appellants have incurred a higher degree of liability than the principal. This doctrine was urged on the ground

that the bond is an independent obligation; and *Murdock* v. *Brooks*, 38 Cal., is relied on to sustain this view of the case. The appellants insist the bond is not of that character, for the liability thereon is dependent on the status of the principal towards the plaintiff and respondent.

*J. C. Bates*, for the Respondent.

By the Court, WALLACE, C. J.:

Gorman had recovered a judgment against Black; the latter thereupon took an appeal to the County Court, Porter becoming one of his sureties, and upon trial had in that Court, judgment had again been rendered against Black. Gorman thereupon assigned to Parnell, the plaintiff here, the judgment and the undertaking on appeal given in the Black case, and the plaintiff, as assignee of Gorman, subsequently recovered judgment in his own name against Porter on the undertaking on appeal. From this judgment Porter, having appealed to the County Court, and the defendants here having become his sureties on the appeal, judgment was rendered in the latter Court against Porter, and in favor of the plaintiff, Parnell, but directing a stay of execution against Porter until the plaintiff should assign to Porter the judgment against Black, which the plaintiff held by assignment from Gorman.

These facts (and the further fact that Parnell had not assigned to Porter the judgment against Black), appearing by the pleadings, the Court below, upon motion, gave judgment for the plaintiff. We think, however, that in this there was error.

Before the defendants, as sureties of Porter, can be sued, Porter, their principal, must himself have become absolutely liable to pay the judgment in the County Court. It is true, as observed by the counsel for the respondent at the argument, that under the law as settled here it would not be necessary for the plaintiff to have actually issued an execution against Porter before he could maintain an action against the defendants as his sureties in the undertaking on

appeal. But it is equally clear that, unless the case be in such a condition as that the plaintiff might have issued an execution against the principal, had he desired to do so, he cannot proceed against the sureties on the appeal. To hold that he could, would be to place the sureties in a position apparently less favorable than that occupied by their principal. Besides, it would be to allow the plaintiff, while proceeding in this action, upon the judgment of the County Court, to wholly ignore that portion of it by which satisfaction was denied to him, until he should make to Porter the assignment therein mentioned. We have, in considering the case, assumed, of course, that the direction found in the judgment of the County Court, that Parnell assign the Black judgment to Porter, is valid in point of jurisdiction. We so held it when the judgment was lately before us upon *certiorari.*

Judgment and order denying new trial reversed, and cause remanded.. Remittitur forthwith.

Mr. Justice RHODES did not express an opinion.