[No. 12423. Department One. — April 24, 1890.]

J. J. McCALLION et al., Appellants, v. THE HIBERNIA SAVINGS AND LOAN SOCIETY et al., Respondents.

Sureties — Appeal Bond — Construction. — Where a party appeals from the judgment, and from an order denying a new trial, and the stay undertaking recites both appeals, and contains a promise to pay within thirty days after the filing of the remittitur, "if the said judgment appealed from, or any part thereof, be affirmed, or the appeal be dismissed," this promise relates to the appeal from the judgment; and in a proceeding against the sureties, it must be shown that the appeal from the judgment has been disposed of in one of the specified ways, and that thirty days have elapsed since the filing of the remittitur thereon. It is not sufficient to show a remittitur affirming the order on motion for new trial.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*D. L. Smoot*, for Appellants.

*M. C. Hassett*, and *Theodore Bradley*, for Respondents.

Hayne, C.—This was a motion by plaintiffs for judgment against the sureties on an undertaking on appeal. The motion was denied, and the plaintiffs appeal.

The action related to the right to a deposit in the Hibernia Bank. The bank paid the money into court, and other parties were substituted as defendants. The plaintiffs recovered a judgment, and the substituted defendants appealed from such judgment, and from an order denying their motion for a new trial. In order to effect a stay of execution, the substituted defendants gave (in addition to the three hundred dollars undertaking) an undertaking in double the amount of the judgment, which undertakings were in the same instrument. The promise of the sureties set forth in the stay undertaking was as follows:—

"That if the *said judgment* appealed from, or any part thereof, be affirmed, or the appeal be dismissed, the appellants will pay to the plaintiffs the amount directed to be paid by the said judgment, or the part of said amount as to which the same shall be affirmed, if affirmed only in part; and all damages and costs which may be awarded against the appellants upon the appeal, and that if the appellants do not make such payment *within thirty (30) days after the filing of the remittitur* from the supreme court in the court from which the appeal is taken, judgment may be entered on motion of the respondents in their favor against the undersigned sureties," etc.

Under this agreement we think it clear, in the first place, that the stay undertaking related to the appeal from the judgment, and not to the appeal from the order on motion for new trial. It is not doubted that a stay undertaking can be so drawn as to effect a stay on appeal from an order denying a new trial. (See *Fulton* v. *Hanna*, 40 Cal. 278.) But the undertaking here was not so drawn. Its condition was that "if *the said judgment* appealed from, or any part thereof, be affirmed,

or the appeal be dismissed, the appellants will pay," etc.
And it is therefore clear that before the liability of the
sureties upon the stay undertaking became fixed, the
appeal from the judgment must have been disposed of,
either by affirmance or dismissal. A disposition of the
appeal from the order alone was not sufficient.

In the next place the sureties, by the express provision of their contract, were to become liable to a proceeding of this kind upon the stay undertaking only in
case of non-payment by the principals "within thirty
days after the filing of the remittitur from the supreme
court." And this evidently refers to the remittitur upon
the appeal from the judgment, which, as we have seen,
is the appeal to which the stay undertaking relates.
Consequently the sureties were not in default until
thirty days after the filing of the remittitur upon the
appeal from the judgment. And this being so, it was
necessary for the moving parties to show that thirty
days had elapsed since the filing of the remittitur on that
appeal. The remittitur which they introduced in evidence related to the appeal from the order only. Its
language is, that "*the order* of the superior court . . . .
be and the same is hereby affirmed." It says nothing
about the appeal from the judgment. And if the certificate of the clerk of the supreme court, introduced in
evidence in rebuttal, be deemed to be a remittitur, it does
not help the plaintiffs, because it was filed after the notice of motion was given, and only four days before the
hearing and the order denying the motion.

The way this condition of affairs came about was probably that the appeal from the judgment was dismissed
nearly a year before the appeal from the order denying
the motion for new trial was disposed of; and, from inadvertence, the clerk of the court omitted either to send
down a separate remittitur on the dismissal, or to include
it in the remittitur on affirmance of the order. But the
omission of the clerk cannot take away the right of the

sureties to stand upon their contract. They were not in default until thirty days after the filing of the remittitur on the appeal from the judgment, and consequently the motion for judgment against them was properly denied.

This disposes of the appeal before us; and as the order appealed from must be affirmed, no other questions can arise on the return of the case to the court below, and hence it is not necessary or desirable to express an opinion upon the other questions discussed, although they may possibly arise in some other proceeding. (See *State v. McGlynn*, 20 Cal. 276.)

We therefore advise that the order appealed from be affirmed.

GIBSON, C., and FOOTE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the order appealed from is affirmed.

Hearing in Bank denied.