[S. F. No. 1123.   Department One.—July 14, 1899.]

PATRICK HOLLAND, Respondent, v. J. J. McDADE, Appellant, and E. J. CURRY, Codefendant.

APPEAL—ORDER DENYING NEW TRIAL—STAY OF EXECUTION—CASE AFFIRMED.—Upon an appeal from an order denying a new trial in an action for the recovery of money, the reversal of the order would necessarily set aside the judgment; and the giving of a bond in double the amount of the judgment operates as a stay of execution pending such appeal. *Fulton v. Hanna*, 40 Cal. 278, affirmed.

PLEADING—DEMURRER FOR UNCERTAINTY—REVIEW UPON APPEAL—ERROR WITHOUT PREJUDICE.—Error in the overruling of a demurrer to a complaint for uncertainty is not ground for reversal of a judgment, where no substantial injury appears; and where it appears that the rights of the defendant could have been fully protected at the trial by objection to evidence, notwithstanding the uncertainty of the complaint, any error in the overruling of a demurrer for such uncertainty is without prejudice.

ID.—ACTION AGAINST SHERIFF—LEVY UNDER EXECUTION—STAY BOND—UNCERTAINTY OF COMPLAINT—OBJECTION TO EVIDENCE.—In an action to recover damages for the refusal of a sheriff to release property levied upon under execution, where a stay bond was given upon appeal, error in overruling a demurrer to the complaint for uncertainty as to whether the damages claimed included damages resulting from the levy prior to the stay bond, is without prejudice, as it appears that the defendant might have protected his rights by objecting to the introduction of any evidence as to such prior damages.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   John Hunt, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, for Appellant.

T. J. Crowley, and T. M. Osmont, for Respondent.

GAROUTTE, J.—This appeal is from the judgment, without a bill of exceptions, and the questions involved arise upon the face of the complaint.

The action is one against McDade, former sheriff of the city and county of San Francisco, for damages claimed to have resulted from his refusal to release certain property of plaintiff

from execution, and also in publishing notice of sale thereof under said execution. This execution was issued and levied under a money judgment in the case of *Curry v. Holland*. Holland's motion for a new trial in that case was denied, whereupon he appealed from the order denying the motion, and without appealing from the judgment gave a bond upon appeal in double the amount of the judgment for the purpose of staying its execution. The acts of the sheriff of which complaint is made in the present action were done after this purported stay bond was filed.

The important question presented by the appeal is: May an appellant upon appeal from an order denying his motion for a new trial give a bond in double the amount of the judgment and thereby stay its execution? If he may do so, authority for it must be found in section 942 of the Code of Civil Procedure, where it is provided: "If the appeal be from a judgment or order directing the payment of money, it does not stay the execution of the judgment or order unless a written undertaking be executed on the part of the appellant, by two or more sureties, to the effect that they are bound in double the amount named in the judgment or order." By inspection of the foregoing provision of the law it would seem that very liberal rules of construction must be invoked in order to justify the giving of a stay bond upon an appeal from an order denying a motion for a new trial. At the same time, it was so directly decided in the comparatively early case of *Fulton v. Hanna*, 40 Cal. 278. The conclusion there declared is based upon the following reason: "Although an appeal from an order denying a motion for a new trial is in a different and distinct line of proceeding from a direct appeal from a judgment, still a reversal on appeal from the order denying a motion for a new trial, and remanding the cause for retrial, as effectually vacates the judgment as upon a direct appeal therefrom." The reason here given has force, and the only answer that can be made to its conclusiveness, if there be an answer, is that the statute does not expressly so provide. Yet the rule laid down in the case cited is a most wholesome one; for an appeal from a judgment which is absolutely beyond attack is an idle and useless proceeding. Indeed, such an appeal would be frivolous and render the appellant liable in

damages for bringing that character of appeal before this court. It serves but to encumber the records and gives unnecessary labor to both lawyers and court. It certainly should not be held that an appeal of that character must be taken for the single purpose of securing an opportunity to file a stay bond, unless the statute clearly forbids any other course.

The question here involved has never been squarely presented since the case of *Fulton v. Hanna, supra.* In *McCallion v. Savings etc. Soc.*, 83 Cal. 572, that case is cited, and the court said: "It is not doubted that a stay undertaking can be so drawn as to effect a stay on appeal from an order denying a new trial." In *Tompkins v. Montgomery*, 116 Cal. 123, citing *Fulton v. Hanna, supra,* it was said: "The right of the appellant to have the execution stayed pending the appeal from an order denying a new trial is not impaired by the fact that the appeal from the judgment is dismissed." And in that case this court allowed a stay bond to be filed here upon an appeal from an order denying a motion for a new trial. *Tompkins v. Montgomery, supra,* seems to be in full support of *Fulton v. Hanna, supra;* for if the stay bond may be filed in this court upon an appeal from such an order, it must be allowable in the trial court. In that case, there was an appeal from the judgment as well as from the order denying the motion for a new trial, and an unsuccessful attempt was made to give a stay bond in the trial court. The appeal from the judgment was dismissed by this court. Hence there was nothing before this court in the form of an appeal from the judgment at the time the stay bond was allowed to be filed.

There is some general language found in the case of *Carit v. Williams*, 67 Cal. 580, opposed to the doctrine declared in *Fulton v. Hanna, supra;* but in their facts the two cases are widely dissimilar. In that case the appeal was from an order made after judgment, refusing to set aside an execution. This execution may have been set aside for a hundred different causes occurring supplemental to the judgment. Hence a reversal of that order would not necessarily set aside the judgment; yet such would be the inevitable effect upon a judgment, of a reversal of the order, in the case of an appeal from the order denying the motion for a new trial. For this reason *Carit v.*

*Williams, supra,* clearly falls without the doctrine laid down in *Fulton v. Hanna, supra.* Again, in *Reay v. Butler,* 118 Cal. 113, a case cited by appellant, it was held that a stay bond could not be given upon an appeal from an order refusing to strike out a cost bill. In that case the order was not 'one made directing the payment of money. Neither could the reversal of the order upon appeal have resulted in vacating and setting aside the judgment. It must be observed, therefore, that these cases are not opposed to *Fulton v. Hanna, supra.*

Upon broad principles of construction it has been decided that a single appeal bond of three hundred dollars is sufficient upon an appeal from the judgment, and from the order denying the motion for a new trial. This shows in what close connection the two appeals are recognized and treated by the court. An appeal from the order denying the motion for a new trial is neither more nor less than a direct attack upon the judgment. This is its sole aim and purpose. The question here presented is purely one of practice. In this instance certainty of the true rule is more to be desired than the particular nature of the rule established. We are fully satisfied that a most wholesome construction of the statute is found in *Fulton v. Hanna, supra;* and, in view of the fact that the construction there declared has stood so long without successful assault either by the courts or the legislature, we feel that adherence should still be given to it.

We are not prepared to say that substantial error was committed in overruling the defendant's demurrer to the complaint for uncertainty. Conceding the ruling erroneous, still it is not every erroneous ruling of the trial court in this regard that demands a reversal of the judgment. Substantial injury to defendant must have resulted from the action of the court. If this complaint be uncertain as to whether or not some of the alleged damage done by McDade was done before the stay bond was filed, under objection, evidence offered tending to indicate that fact would not have been admitted. Again, the instructions to the jury could readily have protected defendant's right in this regard. There being no bill of exceptions before us, we know nothing that occurred at the trial pertaining to this matter. But defendant had abundant opportunity at that time to protect himself against any disastrous results which might have

been occasioned by the uncertainty of the pleading. It is said in *Alexander v. Central Lumber etc. Co.*, 104 Cal. 536: "It is not in all cases where error has been committed by trial courts in over-ruling demurrers to complaints upon the grounds of ambiguity or uncertainty that this court will order a reversal of the judg-ment, based upon the trial of the issues made by the complaint and answer. The same rule applies to errors of this character as is invoked as to all other errors of the court. It must not be mere abstract error, but it must be prejudicial and injurious error in order to avail appellant, for otherwise he has no cause of complaint." We are satisfied there is no prejudicial error disclosed upon this point.

We find no merit in the plea of the statute of limitations. For the foregoing reasons the judgment is affirmed.

Harrison, J., and Van Dyke, J., concurred.