[Sac. No. 739.   Department Two.—December 20, 1900.]

ALBERT H. STARR, Appellant, v. LUCAS KREUZBERGER et al., Respondents.

APPEAL—STAY BOND—MOTION FOR JUDGMENT AGAINST SURETIES—PRO-
TECTION OF PRINCIPAL.—The sureties upon a bond to stay execution
upon appeal cannot be liable to any motion for entry of judg-
ment against them, so long as the principal is protected against
the issuance of execution against him.

ID.—SEPARATE STAY BONDS—DISMISSAL OF APPEAL FROM JUDGMENT—
APPEAL FROM NEW TRIAL ORDER.—The dismissal of an appeal
from a judgment, upon which a stay bond was given, cannot
render the sureties liable to a motion for judgment if, before
the dismissal, a separate stay bond was given upon a separate
appeal from an order denying a new trial, which was operative
to stay execution against the principal when the motion was
made.

APPEAL from an order of the Superior Court of Sacramento County denying a motion for judgment against the sureties upon a stay bond. Joseph W. Hughes, Judge.

The facts are stated in the opinion.

A. L. Shinn, and H. Starr, for Appellant.

The plaintiff was entitled to judgment against the sureties by the terms of the bond. (Code Civ. Proc., sec. 942; *Meredith v. Santa Clara Min. Assn.*, 60 Cal. 617; *Mowry v. Heney*, 86 Cal. 477; *Hitchcock v. Caruthers*, 100 Cal. 100; *Levy v. Magnolia Lodge*, 110 Cal. 309; *Chase v. Beraud*, 29 Cal. 138.) The error lies in the fact that this motion was a proceeding upon the contract of the sureties, and not upon any judgment or order. Such is necessarily the fact, and such is the effect of

the decisions. (*Moffatt v. Greenwalt,* 90 Cal. 368, 371; *Pieper v. Peers,* 98 Cal. 42; *Moore v. McSleeper,* 102 Cal. 282; *Young v. Thompson,* 57 Cal. 281; *Johnson v. King,* 91 Cal. 307; *Crane v. Weymouth,* 54 Cal. 477; *Murdock v. Brooks,* 38 Cal. 596; *McCallian v. Hibernia Sav. etc. Soc.,* 83 Cal. 571; *Tissot v. Darling,* 9 Cal. 278.) The fact of *supersedeas* upon another appeal cannot affect the liability of the sureties upon a stay bond, upon which liability has accrued according to its terms. (*Rice v. Whitlock,* 16 Abb. Pr. 225; *Burrall v. Vanderbilt,* 6 Abb. Pr. 70; *Heebner v. Townsend,* 8 Abb. Pr. 234; *Spencer v. Pilcher,* 10 Leigh, 490.)

Holl & Dunn, for Respondents.

So long as the judgment could not be enforced against the principal, it cannot be enforced against the sureties. (*Parnell v. Hancock,* 48 Cal. 453; *Sharon v. Sharon,* 84 Cal. 424, 434; *Hitchcock v. Caruthers,* 100 Cal. 103.)

CHIPMAN, C.—Appeal from an order denying plaintiff's motion for judgment against the sureties on a stay bond.

The action was for personal injuries, and plaintiff had judgment March 15, 1898. April 4, 1898, defendants appealed from the judgment and gave the usual appeal bond and also an undertaking to stay execution of the judgment. The appeal was dismissed by this court on November 14, 1898 (grounds not shown), and on December 22, 1898, *remittitur* was filed in the court below. On January 27, 1899, plaintiff moved for judgment against the sureties upon the stay bond. The appeal bond provided, among other things, that: "If the said judgment appealed from or any part thereof be affirmed, or the appeal be dismissed, the appellants will pay the amount directed to be paid by the judgment, and that if the appellants do not make such payment within thirty days after the filing of the *remittitur* from the supreme court, in the court from which the appeal is taken, judgment may be entered in said action, on motion of respondents, and without notice to us or either of us, in his favor against the undersigned sureties," etc. This bond was given under section 942 of the Code of Civil Procedure.

It appeared that defendants gave notice of motion for a new trial in due time, and in due time their statement on the mo-

tion was duly settled and filed. Thereafter, to wit, on September 13, 1898, the motion was duly made and on the same day was denied, and on October 28, 1898, defendants served and filed their notice of appeal from the order, and on the same day duly filed an undertaking on appeal, which was substantially the same in form as the bond given on the appeal from the judgment, and was in fact a stay bond. At the hearing of plaintiff's motion for judgment on the first bond the court denied the motion, and this appeal is from that order.

It will be observed that before the judgment was entered here (November 14, 1898) dismissing the appeal from the judgment, the motion for a new trial had been heard and denied (September 13, 1898) and the appeal taken from the order and the stay bond filed (October 28, 1898).

In *Holland v. McDade,* 125 Cal. 353, it was held that upon an appeal from an order denying a new trial in an action for the recovery of money the reversal of the order would necessarily set aside the judgment; and it was further held, approving *Fulton v. Hanna,* 40 Cal. 278, that such bond operates to stay execution pending such appeal. (See, also, *Owen v. Pomona etc. Co.,* 124 Cal. 331.)

In the Holland-McDade case Holland was defendant in the case of *Curry v. Holland,* in which Curry had judgment. Holland moved for a new trial and his motion was denied, whereupon he appealed from the order denying the motion, and, without appealing from the judgment, gave a stay bond on his appeal. Notwithstanding this appeal, and after the stay bond was filed, Curry took out execution on his judgment and McDade, as sheriff, served it by levying on certain property belonging to Holland, and on his refusal to release it from execution Holland sued him for damages. The question was, Did the stay bond given on the appeal from the order have the effect to stay execution on the judgment? The answer was in the affirmative. In the case now here plaintiff could not have had execution if defendants had not appealed from the judgment (*Baldwin v. Superior Court,* 125 Cal. 584, and cases *supra*); nor could he if defendants had appealed from the judgment and had given an insufficient or fatally defective bond and the appeal for that reason had been dismissed, because they would

then have been in the same position as if they had not appealed at all from the judgment. We cannot see that any different result would follow where the appeal is from the judgment and a sufficient stay bond has been given, but for failure for some defect in the proceedings the appeal is dismissed after a stay bond has been filed in the appeal from the order. This latter bond must have the same effect whether the appeal is from the judgment or not, and the fact that a stay bond has been given on the appeal from the judgment can make no difference. It is true the bond given on the appeal from the judgment in the present case in terms provides that the sureties will pay the judgment if the appeal be dismissed; but the sureties are not liable before the principal, the judgment debtor, has himself become liable. If execution, will not issue against the judgment debtor, the plaintiff cannot proceed against the sureties. (*Parnell v. Hancock*, 48 Cal. 452. See, also, *Sharon v. Sharon*, 84 Cal. 424, 433.)

If it be true, as is now settled, that the stay bond given on the appeal from the order stays execution on the judgment, it must stay its execution for all purposes and as to all persons. To hold that it may be executed against the sureties when it may not be executed against the principal "would," as was said in *Parnell v. Hancock, supra,* "be to place the sureties in a position apparently less favorable than that occupied by their principal."

Besides, defendants may prevail and secure the reversal of the order, the effect of which would be to set aside the judgment; but their appeal would be barren of results if the judgment had already been enforced either against the principal or the sureties. We think the reasoning in *Holland v. McDade, supra,* applies with equal force to the present case, and is authority for holding that the lower court rightly decided the motion.

We advise that the order be affirmed.

Gray, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.        Temple, J., McFarland, J., Henshaw, J.