[S. F. No. 3492. In Bank.—September 1, 1903.]

CREDITS COMMUTATION COMPANY, Petitioner, v. SUPERIOR COURT OF SAN DIEGO COUNTY and CHARLES W. PAULY, Receiver, Respondents.

APPEAL—ORDER REFUSING TO VACATE PRIOR ORDER—SETTLEMENT OF RECEIVER'S ACCOUNT—BOND—SUPERSEDEAS.—On appeal from an order refusing to vacate a prior order settling the account of a receiver, and directing him to pay a large sum of money upon certain claims, the ordinary bond on appeal merely stays the order appealed from, but can have no effect to stay proceedings on the prior order; and a writ of *supersedeas* will not be granted to stay the execution of such prior order.

ID.—EFFECT OF REVERSAL—BOND TO STAY EXECUTION—DISTINCTION BETWEEN APPEALS.—Though the reversal of an order denying a new trial has the direct effect to vacate the judgment, and a special bond to stay execution of the judgment may be given upon appeal from such an order; yet the reversal of an order refusing to vacate a former order for the payment of money by a receiver does not have the effect, *ipso facto,* to vacate the former order, but it stands until set aside by the court below pursuant to the direction of this court after the *remittitur* is returned; and the ordinary appeal bond cannot have the effect to stay execution of the former order.

ID.—DISMISSAL OF MOTION TO VACATE ORDER.—The dismissal of a motion to vacate an order is in legal effect the equivalent of a denial of the motion, for the purposes of appeal.

APPLICATION for Writ of Supersedeas against the Superior Court of San Diego County. E. S. Torrence, Judge.

The facts are stated in the opinion of the court.

Shirley C. Ward, for Petitioner.

Joseph Kirk, Collier & Smith, and Lawler & Allen, for Respondents.

SHAW, J.—This is an application for a writ of *supersedeas.* In the superior court of San Diego County, on July 7, 1897, an action was begun, entitled Free Gold Mining Co. *v.* James Spiers et al. Charles W. Pauly was appointed receiver, and

on June 21, 1902, an order was duly and regularly made settling his account current as receiver, and directing him to pay out of the moneys in his hands, as such receiver, certain claims for expenses incurred by Isaac Trumbo, a former receiver in the action, amounting to over forty-nine thousand dollars. On October 10, 1902, the petitioner herein appeared and asked leave of the court to file a petition in intervention in the action, which was afterwards denied by the court; but as it does not affect the present proceeding, it need not be further noticed. On February 6, 1903, it again appeared in the said action and moved the court to vacate the order of June 21, 1902, settling the receiver's account and directing the payment of the claims, which motion was dismissed by the court. This, in legal effect, was the equivalent of a denial of the motion. (*Davis* v. *Hurgren,* 125 Cal. 48; *Lang* v. *Superior Court,* 71 Cal. 491; *Voll* v. *Hollis,* 60 Cal. 569; *Warden* v. *Mendocino Co.,* 32 Cal. 655.) From the order of dismissal the petitioner has appealed to this court, giving the ordinary undertaking on appeal for three hundred dollars, as required by section 941 of the Code of Civil Procedure. The contention is, that under the provisions of section 949 of the Code of Civil Procedure, the giving of this undertaking stays all proceedings on the order directing the receiver to pay the claims; and as the receiver threatens to proceed under the order, the petitioner asks this court to issue the *supersedeas.*

Section 949 provides that in all cases not provided for in sections 942, 943, 944, and 945 the perfecting of the appeal by giving the three-hundred-dollar undertaking mentioned in section 941, ''stays proceedings in the court below upon the judgment or order appealed from.'' Here the order appealed from is the order of February 6, 1903, refusing to vacate the former order directing the payment by the receiver of the claims. The petitioner contends that the appeal from this latter order relates back to and stays proceedings upon the former order. In support of this contention it cites the cases of *Fulton* v. *Hanna,* 40 Cal. 278, and *Owen* v. *Pomona L. and W. Co.,* 124 Cal. 332, to the effect that on an appeal from an order denying a motion for new trial, where an undertaking is given which would be sufficient to stay proceedings if

the appeal were from the judgment, it has the effect of staying such proceedings, although it is not a direct appeal from the judgment. The reason for this ruling, as stated in *Fulton* v. *Hanna,* 40 Cal. 278, is, that a "reversal on appeal from the order denying a motion for new trial, and remanding the cause for retrial, as effectually vacates the judgment as a reversal of the judgment upon a direct appeal therefrom; and when a full bond is given on the appeal from such order" the court could see no reason why it should not also stay proceedings on the judgment. The conclusion reached by the court in that case involves a proposition not expressly stated in the opinion nor in any case following it. It may be stated thus: A reversal of an order denying a new trial has the same effect as an order granting a new trial, which is to vacate the judgment. A reversal of a judgment upon a direct appeal has precisely the same effect, and no more; it merely vacates the judgment. The relief being in form and substance the same in both cases, an appeal from an order denying a new trial should be held to be, in legal effect, an indirect appeal from the judgment; and, thus considered, the rule with respect to a stay of proceedings on such indirect appeal should be the same as upon a direct appeal from the judgment, and all the requirements of the code in regard to undertakings for stay of proceedings on appeal from different forms of judgments should be held applicable also to appeals from orders denying a new trial after such judgments. The same rule was adopted in *Green* v. *Hebbard,* 95 Cal. 40, which was an appeal from an order denying a motion to vacate an order for a writ of possession. The court apparently treated it, in effect, as an appeal from the former order directing the issuance of the writ, and as subject to the same provisions as to the stay-bond required, but no reasons are given, nor is the rule stated.

The decision might have been more satisfactory, and the logical results would have been less troublesome, if the court had declined to give the relief upon this theory as to the nature of such an appeal, and had adopted the policy of itself giving the stay of proceedings under its inherent power to preserve to a party the fruits of an appeal of which it has jurisdiction, by ordering a stay of proceedings upon the giving of a bond sufficient to protect the adverse party. But

the rule, as applied to such appeals, is settled by long acqui-
escence and repeated subsequent affirmations of its existence,
and, as it certainly tends to secure substantial justice, we have
no wish or design to disturb it.

The conditions and circumstances affecting those cases are
so different from those affecting the present case that we do
not feel justified in extending the rule so as to include cases
like the one under consideration. The present appeal is from
an order denying a motion to vacate a former order. The
former order thus attacked directed the payment of a large
sum of money, amounting to nearly fifty thousand dollars.
And, of course, similar orders in other cases might involve
much larger sums. The appeal is perfected by the giving of
an undertaking in the paltry sum of three hundred dollars,
which is all the security the respondent can obtain for all
costs and damages that he may suffer by reason of the appeal
and the delay consequent thereon. The item of interest on
the money, to which the adverse party would be entitled if
the appeal is unsuccessful, during the time required to dis-
pose of the appeal, would alone amount to many times the
amount of the undertaking. Under the ruling in *Fulton* v.
*Hanna*, 40 Cal. 278, the party appealing from an order
denying a new trial must give the same bond to stay pro-
ceedings as upon an appeal from the judgment. Upon an
appeal direct from an order directing the payment of money
there can be no stay of proceedings unless the appellant give
an undertaking in double the amount of money named in the
order. Upon this appeal from the order refusing to vacate
the former order, there is no provision requiring such an
undertaking, and the appellant asks for this *supersedeas* to
stay the payment of this money upon the three-hundred-
dollar undertaking alone, which is practically no security for
the damages involved.

The practice also is different. Upon the reversal of an
order denying a new trial, the uniform practice of this court
is to vacate the judgment, grant the new trial, and remand the
cause for a retrial. Upon the reversal of an order refusing
to vacate a former order, the practice generally is not to di-
rectly vacate the former order, but to remand the cause, with
directions to the court below to set aside the former order.
(*People* v. *Grant*, 45 Cal. 98; *San Jose* v. *Fulton*, 45 Cal.

316; *De La Montanya* v. *De La Montanya,* 112 Cal. 119.[1])
The former order is not vacated until the *remittitur* goes
down and there has been further action in the court below.
The reversal does not, *ipso facto,* vacate the former order, as
does the reversal of an order denying a new trial.

Under these circumstances we are of the opinion that the
case should be decided upon the strict letter of the statute.
Under section 949 of the Code of Civil Procedure upon an
appeal from an order of this character, it being a case not
provided for in other sections, the giving of an undertaking
for three hundred dollars "stays proceedings in the court be-
low upon the order appealed from." It does not provide that
the giving of the undertaking shall stay proceedings upon
all former orders made in the case, nor that the stay upon
the second order shall relate back to and operate upon pro-
ceedings under the first order. The only effect is, that if
there can be any proceedings under the order refusing the
motion to vacate, which is the "order appealed from," such
proceedings are stayed by the appeal.

The petition for a writ of *supersedeas* is denied.

Angellotti, J., Lorigan, J., Van Dyke, J., McFarland, J.,
and Henshaw, J., concurred.

Rehearing denied.

Beatty, C. J., dissented from the order denying a rehearing
and filed the following opinion on the 2d of October, 1903:—

BEATTY, C. J., dissenting.—I dissent from the order
denying a rehearing and from the judgment which now be-
comes final. The distinction which the court endeavors to
make between this case and *Green* v. *Hebbard,* 95 Cal. 40,
rests upon the assumption that if this appeal had been taken
direct from the order requiring the receiver to pay over the
funds in controversy, the appellant, to stay proceeding upon
that order, would have been obliged to give an undertaking
in double the amount of the money to be paid. This is ap-
parent from the following passage in the opinion: "Upon
an appeal direct from an order directing the payment of

[1] 53 Am. St. Rep. 165, and note.

money there can be no stay of proceedings, unless the appellant give an undertaking in double the amount of money named in the order. Upon this appeal from the order refusing to vacate the former order, there is no provision requiring such an undertaking, and the appellant asks for this *supersedeas* to stay the payment of this money upon the three-hundred-dollar undertaking alone, which is practically no security for the damages involved."

The assumption contained in this paragraph is absolutely opposed to what this court has several times decided.

In *Estate of Schedel,* 69 Cal. 241, the appeal was by a legatee from a decree of distribution, and the question was whether the ordinary appeal-bond in the sum of three hundred dollars would stay proceedings upon the decree. It was held that it did, and the ground of the decision is expressed in these words: "Sections 942 to 945, inclusive, *apply to appellants who are required to perform the directions of the judgment or order appealed from.* This is manifest from their language. But the appellant in the present case is not required to do anything. It feels aggrieved by the decree, however, and has the right of appeal. The case is one not provided for in sections 942, 943, 944, and 945; and consequently, by the terms of section 949, the perfecting of the appeal by giving the undertaking mentioned in section 941 stays proceedings in the court below upon the judgment appealed from."

This opinion was followed in *Pennie* v. *Superior Court,* 89 Cal. 31, where the statute received the same construction, and where the principle of the decision was further illustrated.

Under these decisions it is clear that if this appellant had been made a party to the proceeding against the receiver, so that it could have appealed directly from the order, proceedings thereon would have been stayed by the ordinary three-hundred-dollar bond.

This being so there is no reason why, in view of the principle of *Green* v. *Hebbard,* 95 Cal. 40, it should be required to give any different undertaking on this appeal.

The principle of the decision in *Green* v. *Hebbard,* 95 Cal. 40, is too plain to be misunderstood. A party cannot be deprived of his appeal from an order affecting his rights by failing to make him a party to the motion, and taking the order

behind his back. Not being a party to the proceeding, he cannot take a direct appeal, but he can make himself a party by moving to set aside the order, and upon the denial of this motion may appeal 'therefrom with the same effect as he could have appealed from the original order. And as the effect of his appeal, if successful, will be a reversal of the original order, he has the same right to stay the proceedings as he would have had if his appeal had been in form what it is in substance and effect,—an appeal from the original order.

This doctrine heretofore sanctioned by our published decisions, and by our practice in motions for *supersedeas* since decided from the bench, seems to me perfectly reasonable and just, and I fail to discover any reason in the present opinion of the court for holding that the same appeal taken in one form is to be burdened with a condition to which it is not subject when taken in a different form.