## PRATT v. THE WESTERN STAGE Co.

1. **Appeal: TO SUPREME COURT: PRACTICE: AFFIRMANCE OF JUDGMENT ON MOTION.** Under sec. 3515 of the Rev., which provides that if the appellant fails to file the transcript which has been sent up, the appellee may file the same, and on motion may have the appeal dismissed or judgment affirmed, an appellee cannot have the judgment affirmed where notices of appeal were not served on the clerk and appellee until within fifteen days of the term, though the supersedeas bond was filed that length of time before.

2. —— **REQUISITES OF AN APPEAL: EFFECT OF SUPERSEDEAS.** An appeal is not perfected until service of notice thereof. Merely filing a supersedeas bond does not amount to the taking of an appeal; and the execution of a judgment should not be stayed unless in addition to the filing and approval of the supersedeas, there is also notice of appeal served, at least upon the clerk.

3. —— If the supersedeas bond is filed, and no notice of appeal is served, at least upon the clerk, he should not recall the execution, if one has been issued, nor issue an order to stay proceedings thereunder.

4. —— **AFFIRMANCE OF JUDGMENT ON NOTICE TO CLERK.** It *seems* that, under sections 3514, 3515 of the Revision, an appellee may, in proper cases, have an affirmance by showing that the clerk has been served in time with notice of appeal, without showing that the party has also been served with such notice.

*Appeal from Appanoose District Court.*

WEDNESDAY, DECEMBER 16.

DILLON, Ch. J. — This is a motion by the appellee, made under section 3515 of the Revision, to affirm the

Pratt v. The Western Stage Co.

**1. APPEAL: to Supreme Court: affirmance of judgment on motion.** judgment below. The appellant resists the motion, because, as he claims, the appeal was not taken and perfected in time for the present term. Rev. § 3513. The record shows that the supersedeas bond (Rev. § 3527–28) was filed more than fifteen days before the first day of the present term of the Supreme Court. But it also shows that the notices of appeal to the clerk and appellee (Rev. § 3509) were served on both of them within fifteen days.

By the statute, an appeal is not perfected until service of a notice of appeal. Rev. §§ 3509, 3511, 3513. Merely **2. —— requisites of an appeal: effect of supersedeas bond.** filing a supersedeas bond does not amount to the taking of an appeal. If such bond is filed, and no notice of appeal is given, at least to the clerk, the latter officer should not recall an execution, or issue an order to stay proceedings thereunder.

In other words, the execution of a judgment should not be stayed unless a supersedeas bond is filed and approved, and unless also notice of appeal is served, at least upon the clerk. As clerks have been in the habit, to some extent, of staying proceedings upon the mere filing of a bond, and as a number of cases similar to the present, have been before the court, in which by filing the bond and delaying to serve notices of appeal until within fifteen days of the first day of the term of this court, the appellants (in consequence of the misunderstanding of the law by the clerk) have succeeded in securing delays to which they are not entitled, we have thought it important to point out, as we have done, the duty of the clerks.

It may also be remarked, that we have several times held, on motion, that under sections 3514 and 3515, of **3. —— affirmance of judgment on notice to clerk.** the Revision, an appellee may, in proper cases, have an affirmance by showing that the clerk has been served in time with notice of appeal,

and without showing that the party has also been served with such a notice.    Motion denied.

*Amos Harris* for the motion.

*J. M. Elwood, contra.*