## Shelby, Adm., et al. v. Bohn.

[No. 3,162.   Filed June 8, 1900.   Rehearing denied Nov. 13, 1900.]

Bonds. — *Guaranty.* — *Liquidated Damages.* — *Action.* — *Parties.* — Where defendants, by a separate instrument, guaranteed the performance of a contract entered into by a gas company to supply plaintiff with gas, binding themselves to pay plaintiff a certain sum as liquidated damages upon a breach of the contract on the part of the company, it is not necessary, in a suit on the bond, to allege the insolvency of the company.  *p. 475.*

Same.—*Action.*—*Decedents' Estates.*—An answer in an action on a bond that two of the makers died after the breach thereof, as alleged in the complaint, and that their estates, which were solvent, had been fully administered upon and finally settled, and that plaintiff neglected and failed to file any claims against said estates, asking that the proper share of each of said estates be deducted from any amount found to be due because of the breach of the bond, was insufficient, where it was not shown that such estates were administered upon in this State.  *pp. 476, 477.*

Same.—*Action.*—*Answer.*—An answer in an action on a bond given to secure the performance of a contract entered into by a gas company that after the breach of the bond the company was placed in the hands of a receiver, who sold all its property and paid the claims of the company in full and had ample funds in his hands to pay plaintiff's claim, but plaintiff refused to present or file his claim with the receiver, is insufficient, since plaintiff's right of action was complete upon the breach of the contract, and it is not shown that the company was solvent at such time.  *pp. 477, 478.*

From the Wayne Circuit Court.  *Affirmed.*

*T. J. Study, R. A. Black, Henry Warrum, I. P. Poulson, W. F. McBane, E. Marsh* and *W. W. Cook,* for appellants.

*J. L. Rupe, Charles Downing* and *W. A. Hough,* for appellee.

Henley, J.—On the 7th day of July, 1890, appellee and the People's Gas Company, a corporation organized under the laws of the State of Indiana and doing business at Greenfield, Indiana, entered into a contract, in which contract it was agreed that appellee should pay said gas company $100, and said gas company agreed to furnish con-

tinuously to appellee natural gas for fuel and light at a certain dwelling-house in the city of Greenfield. At the same time, the persons who composed the board of directors and officers of said gas company executed and delivered to appellee the following instrument in writing: "Know all men by these presents, That we, Noble Warrum, Hollis B. Thayer, Lee C. Thayer, Israel P. Poulson, Richard A. Black and James A. New are held and firmly bound unto Philip J. Bohn, in the penal sum of one hundred ($100) dollars, upon condition following: Whereas, the People's Gas Co. of Greenfield, Indiana, have undertaken to furnish natural gas continuously for the sum of $100 to Philip J. Bohn, under a certain written contract executed contemporaneously with this bond, which is to be construed together with this instrument. Now in case said People's Gas Company shall faithfully comply with all the stipulations in said contract contained, then this obligation shall be null and void, otherwise to be and remain in full force and effect. Witness our hands and seals this 7th day of July, 1890. H. B. Thayer (seal), I. P. Poulson (seal), Lee C. Thayer (seal), R. A. Black (seal), Jas. A. New (seal), Noble Warrum (seal), William New (seal)."

It is averred in appellee's complaint that he has fully performed all and singular the duties imposed upon him by his contract with the People's Gas Company; that the People's Gas Company has failed to furnish him gas and has wholly failed to comply with the terms of the contract upon its part; that by reason of the violation of the contract upon the part of the People's Gas Company, appellants have become liable upon the bond executed to appellee. The contract between appellee and the People's Gas Company, and the bond executed by appellants to insure its performance upon the part of the gas company, are made part of the complaint. It is shown by the averments of the complaint that two of the bondsmen, James A. and William New, died before the commencement of the action. Judgment is de-

manded in the sum of $100. After the action was commenced, the death of Noble Warrum being suggested, the court permitted his administrator to be substituted as a defendant. The venue of the cause was changed from Hancock to Wayne county. Appellants filed an answer in seven paragraphs. Appellee demurred to the fifth, sixth, and seventh paragraphs of answer, which demurrer the lower court sustained to each of said paragraphs of answer. Appellants then withdrew their first, second, third, and fourth paragraphs of answer and declined to plead further. Judgment was rendered for appellee in the sum of $100.

By appellants' assignment of errors in this court, the sufficiency of the complaint and the action of the lower court in sustaining the demurrer of appellee to the fifth, sixth, and seventh paragraphs of answer are questioned. Counsel for appellants argue that the complaint is insufficient for two reasons: (1) Because there is a defect of parties, and (2) because the complaint fails to aver the insolvency of the principal in the contract for the performance of which the bond in suit was executed. As to the first objection, it is sufficient to say that the record does not present the question. It is conceded by both parties to this cause that appellants are bound as guarantors on the bond sued on. The People's Gas Company did not sign the bond and in no way was a party to it. The bond was the separate agreement of appellee and appellants. We are unable to see how the solvency or insolvency of the People's Gas Company could affect the liability of appellants. Appellants in a separate instrument agreed with appellee that if the People's Gas Company failed to perform the obligations imposed upon it by a certain contract with appellee they would respond in damages to appellee in the amount of $100. Appellants did not agree to become liable with the People's Gas Company upon the contract with appellee. Their agreement was that the People's Gas Company should perform its contract, and upon default the damages to be assessed

against them were liquidated damages, the amount being named in the bond. The case of *Sample* v. *Martin,* 46 Ind. 226, is very much like this case. In the case last cited, the Supreme Court say: "The complaint alleges, in substance, that on the 4th day of February, 1870, one Dennis Smith executed to the plaintiff a promissory note for the sum of $525, payable six months thereafter, and that the defendants, Sample and Hardy, in consideration that the plaintiff would lend said Smith the sum of money specified in the note at the time of the execution thereof, made their written guaranty thereon in these words, viz., 'We guarantee payment. (Signed) James G. Hardy, H. T. Sample.' " The complaint in said case further alleged that Smith wholly failed to pay said note when it became due; that it remains due and unpaid; that payment of said note was demanded of said Hardy and Sample and payment refused. Judgment for the amount is demanded against Hardy and Sample. The complaint was held good. Various answers were filed; the cause went to trial, resulting in a verdict and judgment against Hardy and Sample, the guarantors. The Supreme Court, in disposing of the question of the sufficiency of the evidence, say on page 228: "We are asked to reverse the judgment upon the evidence, upon the ground that the plaintiff failed to sue Smith when he was solvent and able to pay, afterwards becoming insolvent, whereby the defendants, it is claimed, ought to be discharged. The defendants are neither sureties nor indorsers, but guarantors. They are not discharged by a failure to use diligence to collect the note from the maker, nor could they require the plaintiff by notice to sue the maker, as is provided by statute in case of sureties." So that whether we regard the instrument sued on as a guaranty or as an unconditional promise to pay, the averment of the insolvency of the People's Gas Company was immaterial. *Burnham* v. *Gallentine,* 11 Ind. 295; *Ward* v. *Wilson,* 100 Ind. 52.

The other questions presented by the record involve the

sufficiency of the fifth, sixth, and seventh paragraphs of answer to the complaint. The fifth paragraph of answer, omitting the formal parts, is as follows: "For a fifth and further paragraph of partial answer to plaintiff's complaint, the defendants say that long since the alleged breach of the bond as mentioned in plaintiff's complaint, that two of the makers of said bond, to wit, James A. New and William New, had departed this life and that their estates, which were solvent, have been fully administered upon and finally settled; that the plaintiff neglected, failed and refused to file any claim against either of said estates for the breach of said bond mentioned in plaintiff's complaint. Wherefore the defendants ask that the proper share of each of said decedents be deducted from any amount that might be found due the plaintiff for any breach of said bond." This paragraph of answer is fatally defective because it does not show where the estates alleged to have been left by William New and James A. New were situated, and it does not show that either of said decedents ever lived in this State, or could have been sued in its courts, nor does it show that either of said estates was ever administered upon in this State. In the case of *Whittlescy* v. *Heberer,* 48 Ind. 260, the Supreme Court said: "It appears from the answer that Bippus left an estate sufficient for the payment of all his debts. But it does not appear where he died, or where that estate is situate. It may be presumed, when the contract is sued upon in this State, that it was made in this State, the contrary not appearing. But there is no presumption arising from the fact that a man is dead, that he died in this State. It does not appear that Bippus ever lived in the State, and there is no presumption that he died here, nor is there any presumption that his estate or any part of it is situate here."

The sixth paragraph of answer avers that since the breach of the bond sued upon, upon the proper petition of the stockholders, the People's Gas Company was, by order of the

Hancock Circuit Court, placed in the hands of a receiver, who sold all its property, rights, and franchises and the proceeds derived from such sale, paid all claims against said company in full, and there was left in the hands of the receiver after such payment a large amount of money belonging to said company, and that if appellee had filed his claim with said receiver, he had ample funds in his hands sufficient to have paid the claim in full, but that appellee refused to present or file his claim with said receiver. We think this answer also fatally defective. It shows upon its face that appellee was entitled to an action upon the bond before the company · went into the hands of the receiver; that the breach of the bond occurred prior to the time the receiver was asked for or appointed. Appellee was not required to sue the People's Gas Company or to file a claim against it after it had gone into the hands of a receiver. When a breach of his contract with the company occurred, his right of action against the appellants was complete. *Sample* v. *Martin,* 46 Ind. 226, Baylies on Sur. & Guar., sec. 3, p. 134; *Burnham v. Gallentine,* 11 Ind. 295. Nor is there any sufficient averment in this paragraph of answer that the People's Gas Company was solvent at the time of or since the breach of the bond complained of, or that it has since become insolvent. *Furst & Bradley Mfg. Co.* v. *Black,* 111 Ind. 308.

The seventh paragraph of answer proceeds upon the theory that the appellee himself committed acts which resulted in the wrecking of the People's Gas Company, and that his loss was through his own wrongful conduct. It is sufficient to say in regard to this paragraph of answer, that every act charged against appellee he had a perfect right, under the law and under his contract, to do. He was not bound by his contract with the People's Gas Company to refrain from voting at the election of directors, nor was he bound to vote for the appellants or any other named persons for directors and officers of said gas company, and there

is no averment in the answer that appellee exercised any control in the management of the affairs of said company. It is not averred that he was a director, and if he had been a director, his vote alone could not have influenced the affairs of said company, because it requires a majority of the board of directors of incorporated companies to act for the company.    There is no averment in this paragraph of answer that the appellee controlled the board of directors, either by undue influence or in any other way.    The seventh paragraph of answer is wholly insufficient.

We find no error in the record.    Judgment affirmed.

Black, J., took no part in the consideration or decision of this case.