[L. A. No. 1372. Department Two.—September 25, 1903.]

ESPERITU C. DE LEONIS, Petitioner, v. WALDO M. YORK, Judge of Superior Court, etc., Respondent.

MANDAMUS—STAY-BOND—ORDER APPOINTING RECEIVER—APPEAL NOT TAKEN—INSUFFICIENT PETITION.—A petition for a writ of mandate directing a judge of the superior court to fix the amount of a stay-bond on appeal from an order appointing a receiver, which does not show that an appeal has been taken as provided in section 943 of the Code of Civil Procedure, but merely states that the petitioner is "desirous of appealing from said order," is insufficient.

PETITION for Writ of Mandate to a Judge of the Superior Court of Los Angeles County. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Dunnigan & Dunnigan, for Petitioner.

H. H. Appel, and Horace Bell, for Respondent.

McFARLAND, J.—This is an original petition here for a writ of mandate directing respondent, as judge, etc., to fix the amount of a stay-bond on an appeal from an order appointing a receiver, as provided in section 943 of the Code of Civil Procedure. The petitioner first procured the appointment of a receiver in an action brought by her against F. E. Welch, administrator; and the person appointed having afterwards resigned, by consent of the parties to the action, one Wilkerson was appointed to fill the vacancy; afterwards Wilkerson died, and the court appointed one McGarvin as receiver to fill the vacancy. This last appointment was made at the

request of the defendant in said action, and was opposed by the plaintiff therein, this petitioner. The respondent, as judge, refused to fix the amount of the stay-bond, although requested by petitioner so to do.

It is contended by counsel for respondent, among other things, that as the receiver was originally appointed at the instance and request of petitioner, she could not appeal from that order; and, for the same reason, she cannot appeal from the last order, as it merely filled a vacancy and carried out the original purpose sought by petitioner. We need not, however, consider this question, because the writ must be denied for another reason urged by respondent. Section 943 merely provides that "If the judgment or order *appealed from* appoint a receiver," its execution will not be stayed on appeal without an undertaking in an amount to be fixed by the judge. It relates only to a case where an appeal had been taken, and has to do only with the matter of staying execution after appeal. But there is no averment in the petition in the case at bar that any appeal has been taken from the order appointing the receiver. The averment is merely "that your petitioner has been ever since the making of said order appointing said receiver last above-mentioned desirous of appealing from said order"; there is no averment that the appeal had been taken. The petitioner, therefore, does not bring herself within the provision of said section 943.

The prayer of the petition is denied and the proceeding dismissed.

Lorigan, J., and Henshaw, J., concurred.