JOHN POWELL, *Plaintiff,* v. D. E. BRADLEY, *as Clerk of the District Court, etc., Defendant.*

No. 17,888.

SYLLABUS BY THE COURT.

1. MANDAMUS—*District Clerk—Execution.* Mandamus will lie to compel a clerk of the district court to issue an execution upon a judgment or final order from which no appeal has been taken, notwithstanding the filing and approval of a supersedeas bond.

2. APPEAL—*Supersedeas Bond—Stay of Execution.* A supersedeas bond is an essential part of an appeal, where it is sought to stay execution pending appeal. The mere filing and approval of such bond where there has been no service of notice of appeal will not operate to stay execution upon the judgment.

3. JUDGMENT—*Motion for New Trial—Stay of Execution.* The pendency of a motion for a new trial in the action wherein the judgment has been rendered will not operate to stay execution.

Original proceeding in mandamus. Opinion filed December 9, 1911. Peremptory writ allowed.

*John H. Crain,* for the plaintiff.
*John A. Hall,* for the defendant.

The opinion of the court was delivered by

PORTER, J.: This is an original proceeding in mandamus to compel the defendant, as clerk of the district court of Linn county, to issue a writ of possession. On August 4, 1911, J. B. Powell obtained a judgment in the district court, in an action wherein he was plaintiff and Peter Boyd and others were defendants, for the possession of a certain quarter section of land and directing that if the defendants failed to surrender possession on or before September 4, 1911, a writ of ouster immediately issue putting plaintiff in possession. On September 7, 1911, the plaintiff filed with the clerk a præcipe for the writ, which the clerk refused to issue.

In answer to the alternative writ the defendant sets up as reasons for his refusal, (1) that the judge of the district court fixed the amount of the supersedeas bond in the sum of $700 with sureties to be approved by the clerk, and that on August 31, 1911, the defendants·in the original action presented to him as clerk a supersedeas bond in that amount, which he approved and filed; that afterward, and on September 7, 1911, the plaintiff filed a motion to vacate the supersedeas bond, which the court upon the hearing of the motion refused to do; and (2) that on September 11, 1911, the defendants in the original action filed a motion for a new trial, which is still pending·and undetermined. The motion to quash the answer presents the case upon the merits.

No appeal has been taken from the judgment. The bond recites that the defendants intend to appeal from the judgment, and it is the contention of defendant that the giving and approval of the bond has the effect to stay execution on the judgment notwithstanding no appeal has been taken. The code provides that:

"No appeal from any judgment or final order rendered in any court from which an appeal may be taken, except as provided in the next section and the fourth subdivision of this section, shall operate to stay execution, unless the clerk of the court in which the record of such judgment or final order shall be shall take a written undertaking, to be executed on the part of the appellant to the adverse party,·with one or more sufficient sureties, as follows: . . . *Third.* When it directs the sale or delivery of possession of real property, the undertaking shall be in such sum as may be prescribed by any court of record in this state or any judge thereof, to the effect that during the possession of such property by the appellant he will not commit or suffer to be committed any waste thereon, and if the judgment be affirmed he will pay the value of the use and occupation of the property from the date of the undertaking until the delivery of the possession pursuant to the judgment, and all costs." (Civ. Code, § 586.)

It is the "appellant" who must give the bond, not some defeated party who may or may not conclude to appeal from the judgment or final order. The bond which the defendant as clerk approved was given under the third subdivision, *supra*, of section 586, and describes the obligors as "the appellants."

In the brief the defendant contends that if the supersedeas be held ineffectual to suspend execution the defendants in the original action will be deprived of their statutory right to one year in which to appeal from the judgment. But this does not follow. An appeal may be taken without superseding the judgment or final order; if, however, the appellant wishes to stay execution pending the appeal he must file a supersedeas bond. The real and only question to be determined is, Does the giving of a supersedeas bond, without an appeal, suspend proceedings to enforce the judgment or final order? Obviously no, because the only purpose of the bond is to stay proceedings pending an appeal. The statute makes no provision for the giving of such a bond for any other purpose. It is an essential part of the appeal where the defeated party seeks to stay execution. Where no stay is required an appeal is permitted, but in such case no bond is given. The statutory provisions of the bond are that "the appellant" will not commit or suffer waste, "and if the judgment be affirmed he will pay the value," etc. (Civ. Code, § 586.) Suppose no appeal is taken within the year and no affirmance of the judgment obtained, might not the sureties urge that as a defense to an action on the bond? The situation presented by the pleadings and answer is one which the law will not tolerate. The defendants in the original action were defeated and judgment was rendered against them. They must either abide the judgment or adopt the procedure provided for staying execution thereon. They have one year from the rendition of the judgment in which to appeal, but in the meantime, unless execution is stayed, the judgment may be enforced. The only way in which

execution can be stayed is for the defendants to appeal and as part of the appeal supersede the judgment by giving the bond as provided by the statute.

No authorities are needed in support of statutory provisions so plain and unmistakable. However, the supreme court of Iowa have so construed their statute, which appears to be substantially the same as ours.

"An appeal is not perfected until service of notice thereof. Merely filing a supersedeas bond does not amount to the taking of an appeal; and the execution of a judgment should not be stayed unless in addition to the filing and approval of the supersedeas, there is also notice of appeal served, at least upon the clerk." (*Pratt v. The Western Stage Co.,* 26 Iowa, 241, syl. ¶ 2.)

The defendant says in his brief that an appeal may never be necessary because there is a motion for a new trial pending, which the court may grant; but the pendency of a motion for a new trial does not operate to stay execution on the judgment. (*Church v. Goodin,* 22 Kan. 527.)

The petition, which is verified, sets forth ample reasons why the action was not commenced in the district court, and complies with rule 5 of this court.

The peremptory writ is allowed.