## SOUTHERN SURETY CO. v. PETROLIA LAND CO.　(No. 6939.)

(Court of Civil Appeals of Texas. San Antonio. April 25, 1923. Rehearing Denied May 23, 1923.)

1. **Appeal and error** ⬅️907(3)—**In absence of statement of facts, judgment presumed supported by evidence.**

It will be presumed, in the absence of a statement of facts, that there was evidence establishing every fact essential to support the judgment.

2. **Bonds** ⬅️62—**Full amount of bond measure of liability, though actual damages to payee not proven.**

The liability on a bond conditioned upon the performance of a contract to drill an oil well on complete default was the full amount of the bond, though no actual damages to the payee were proven, and though the bond did not designate the amount to be paid as liquidated damages.

3. **Bonds** ⬅️62—**If damages flowing from default provided for in bond are uncertain, they will be regarded as liquidated and measured by the amount of the bond.**

Where damages flowing from a default provided against in the bond are so uncertain or intangible as to be unascertainable, they will be regarded as liquidated and will be measured by the amount of the bond.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by the Petrolia Land Company against the Solar Oil Corporation and the Southern Surety Company. Judgment for plaintiff, and the last-named defendant appeals. Affirmed.

John T. Suggs, of Denison, for appellant. J. W. Kearby, of Fort Worth, for appellee.

SMITH, J. The Solar Oil Corporation leased a tract of land from the Petrolia Land Company, contracting with the latter to begin drilling an oil well on the land within a specified period, and to diligently sink the well to a specified depth. The oil corporation, as principal, and the Southern Surety Company, as surety, executed a bond for $1,000, payable to the land company, conditioned upon the performance by the oil corporation of said obligations imposed upon it in the contract. The oil corporation (the principal) defaulted, and the land company (payee in the bond) sued the prin-

cipal and the surety to recover the amount of the bond. Upon a trial without a jury, judgment was rendered against principal and surety for the amount of the bond. The surety company alone has appealed.

[1] The trial court filed full findings of fact, but no statement of facts has been brought up. This state of the record simplifies the appeal, since it will be presumed, in the absence of a statement of facts, that there was evidence of every fact essential to support the judgment, and not negatived by the findings.

[2] The trial court found, among other facts, that the principal in the bond wholly defaulted in its obligations, but further found that "no actual damages had been proven by plaintiff (the obligee in the bond) as a result of the" default of the principal. The only question of law presented here arises out of those findings. Stated generally, the surety company contends that since it was not provided in the bond that the amount thereof should operate as liquidated damages, the sum named should be regarded as in the nature of a penalty, in virtue of which appellee's recovery must be restricted to such damages as it actually sustained by reason of the default; that the damages in such cases as this are easily ascertainable, and, as none were proven, appellee was not entitled to recover. The bond in question was in the usual form of such obligations, binding the principal and surety to the obligee "in the penal sum of $1,000.00, well and truly to be made," conditioned upon the full performance by the principal of the specified obligations imposed upon it in the contract in question.

Contracts employing the word "liquidated" in designating the damages to be paid in event of breach are often held to provide for a penalty, and the word "penalty" used for this purpose is likewise often held to provide for liquidated damages. The application of the word used, in either event, depends upon the language of the contract and the facts in each case, and is determined by the intention of the parties rather than by the technical meaning of the word. R. C. L. p. 562, and § 110 et seq.; Collier v. Betterton, 87 Tex. 440, 29 S. W. 467; Plow Co. v. Hardware Co. (Tex. Civ. App.) 236 S. W. 765.

But we think it unnecessary to decide, in the state of the record here, whether the amount nominated in the bond was intended as a penalty, or as liquidated damages. The amount was definitely fixed in the instrument, and the obligors bound themselves to pay the specified amount upon the happening of the stipulated contingency. The contingency occurred, and when the obligee brought suit, introduced the bond, and proved the happening of the contingency, it made a prima facie case entitling it to recover the amount fixed in the bond. If that amount was fixed as a mere penalty, by which the obligee was restricted to the recovery of only such damages as he had actually sustained on account of the obligor's default, such matters were clearly defensive, and the burden was upon the principal and surety to make such defense, and show that the damages were of such nature as to be clearly ascertainable, and were in fact substantially less than the amount designated in the bond. Appellant failed to make this defense, and judgment was properly rendered against it for the amount of the bond.

[3] Moreover, if damages flowing from the default provided against in the bond were so uncertain or intangible in their nature as to render them unascertainable, they will be regarded as liquidated, and will be measured by the amount of the bond. So, in the absence of a statement of facts, it will be presumed that there was evidence of such uncertainty in the damages, and this presumption of itself requires affirmance of the judgment.

Affirmed.