(No. 4488.   April 4, 1927.)

ELMER H. NESBITT, Appellant, v. J. M. DEMASTERS, WILLIAM WALKER and MARY CARLOCK, Trustees of Common School District No. 17, Gem County, Idaho, Respondents.

[255 Pac. 408.]

PLEADING—SUFFICIENCY OF DENIAL—COMMON-LAW DEDICATION.

1. Return to alternative writ, issued on complaint alleging failure of school trustees to conduct school on site owned by district, which stated that district owned no school site, and that electors had not designated or established one, *held* to constitute denial of allegation that district owned such site.

2. Averment of contrary of what is alleged in complaint is equivalent to ordinary denial; it not being necessary that traverse be expressed in negative words.

3. To constitute a good "common-law dedication," a definite and certain description of that which is proposed to be dedicated is necessary.

4. Writ of mandate to require school trustees to repair schoolhouse and maintain school therein on certain site was properly denied, in view of evidence that school district owned and had no school site.

---

Publisher's Note.

3.   See 8 R. C. L. 890.

See Dedication, 18 C. J., sec. 40, p. 57, n. 1.
Mandamus, 38 C. J., sec. 605, p. 886, n. 92; sec. 673, p. 916, n. 68.
Pleading, 37 Cyc., p. 194, n. 38.

APPEAL from the District Court of the Seventh Judicial District, for Gem County. Hon. B. S. Varian, Judge.

Appeal from judgment denying writ of mandate as prayed for and quashing alternative writ as issued. *Affirmed.*

Ira W. Kenward, for Appellant.

A school board, having removed a school, without the requisite two-thirds majority vote, cannot hide behind the lack of paramount title in the district to the site. (*Eby v. Trustees of Red Bank School Dist.*, 87 Cal. 166, 25 Pac. 240.)

The intention to dedicate to which courts give heed is not an intention hidden in the mind of the land owner, but an intention manifested by his acts. (*Hanson v. Proffer*, 23 Ida. 705, 132 Pac. 573; *Parrott v. Stewart*, 65 Or. 254, 132 Pac. 523.)

"The intention of the owner as evidenced by his acts and the acts which he permitted and encouraged is controlling on the issue of dedication." (*Portland Ry., Light & Power Co. v. Oregon City*, 85 Or. 574, 166 Pac. 932.)

R. B. Ayers and J. P. Pope, for Respondents.

While the question of paramount title in the school district may not be litigated in proceedings for a writ of mandate, the right to possession of a particular site so as to secure the continued use of the property may be considered and determined by the court. (*Eby v. Trustees of Red Bank School Dist.*, 87 Cal. 166, 25 Pac. 240; *School District No. 2 v. Hart*, 3 Wyo. 563, 27 Pac. 919, 29 Pac. 741.)

Abandonment of use by school district causes reversion of rights to owner. (*School District No. 2. v. Hart, supra.*)

Implied dedication in any instance is a conclusion of fact to be drawn from the circumstances of the particular case and such circumstances must clearly show an unequivocal intention on the part of the owner to dedicate the land.

(*Helm v. McClure,* 107 Cal. 199, 40 Pac. 437; *Harding v. Jasper,* 14 Cal. 642.)

The court will not issue writ of mandate where it will be unavailing. (High, Extra. Remedies, sec. 14; *Boyne v. Ryan,* 100 Cal. 265, 34 Pac. 707.)

T. BAILEY LEE, J.—Plaintiff plead that for more than 19 years last past school district No. 17 of Gem county had had a "regular and designated" school site upon which at all times there had been maintained a schoolhouse; that such house had fallen into disrepair; that the electors had voted bonds for building a new one, but that the defendant trustees had refused either to build or repair, and had arbitrarily moved the school equipment to a distant site inconvenient to the majority of the electors' children, and were conducting school in a shack unfit for use. He prayed for a writ of mandate directing the repair of the old schoolhouse, the return of all equipment and activities thereto, and the construction of a new house as directed by the bond election.

Upon this complaint, there was issued the usual alternative writ directing compliance with the prayer of the complaint or the showing of cause for noncompliance. The defendant filed a return pleading that they could not comply with the prayer of the complaint for the reasons that the district had no established school site whereon to conduct school; that the old schoolhouse was on the property of one James A. Walker; that the school site was a part of his land; that defendants had been served by him with written notice to remove said house, not to repair it, and not to erect another on his land; that the old schoolhouse was unfit for use; that the one then being used was fit and convenient to the majority of the school children in the district; and that the electors had not designated or established any school site for the district.

After a hearing the court found and concluded among other things:

44 Idaho—10

"That said school district owns and has no school site; that the school house owned by said district . . . . is on the NE. ¼ NE. ¼ Sec. 10, Tp. 11, R. 1 E. B. M., land and property owned by one, James A. Walker, and that said school district and the defendants have no right or permission to occupy or use said land for school purposes or to build a new school house thereon; that on the 18th day of September, 1923, said James A. Walker, served written notice on defendants that he owned the land upon which the district's school house is located and situate, demanded its removal, and objected to its being repaired with a view to maintaining school upon his lands, and he has notified the trustees orally not to build a new school house on his land; that the school house owned by said district is located in said district on land owned by another who objects to the use of said land for school purposes and refuses to permit the district to use the same for such purposes; that it is not the duty of the defendants either to conduct school, or to repair the school house, or to erect a new school house on said land; that this court cannot compel the performance of any of the acts mentioned in the preceding paragraph and the writ of mandate herein prayed for should not issue, and the alternative writ issued herein should be quashed and this action dismissed."

[1]   Thereupon the judgment was entered, denying the writ, quashing the alternative writ and dismissing the action with costs to defendants. Plaintiff appeals. His main contention is that by reason of defendants having failed formally to deny the allegations of the complaint, such allegations were admitted in their entirety, and that plaintiff should have had judgment as a matter of course. The whole case turns on the question of whether or not the district owned a school site. The complaint stated it had one. The return stated that it had none, and that the electors had not designated or established one. Such language constitutes a denial of the strongest sort. [2]   It is not necessary that a traverse be expressed in negative words.

The averment of the contrary of what is alleged in the complaint is equivalent to an ordinary denial. (*Perkins v. Brock,* 80 Cal. 320, 22 Pac. 194; *Byxbee v. Dewey,* 5 Cal. Unrep. 544, 47 Pac. 52.)

[3]  In his brief, appellant stated that the school site consists of a square tract, one acre in content, centrally divided by the east and west quarter line between the NE. ¼ of the NE. ¼ and the SE. ¼ of the NE. ¼ of section 10, but nowhere in the record can be found any support for such declaration. It is shown that the schoolhouse, 16x24 feet, stood a few feet north of this line upon lands patented to James A. Walker on July 10, 1922; that the children used as a playground a small undesignated plot extending south of the line into the land claimed by Mrs. Io K. Nesbitt. She testified: "One-half of the school site is on my land." When questioned as to the size of the site, she replied: "It was not any definite size. The children played in front of the schoolhouse making it partially on my land." The alleged site has never been delimited or inclosed. None of it had ever been deeded to the district. The plaintiff, husband of the witness, Io K. Nesbitt, testified that the latter had offered to give a deed "any time they wanted it." On this score, however, the guid wife was discretely silent, seeing that she knew not what she might be expected to deed. Appellant claims a dedication by Walker, but dedication of what? To constitute a good common-law dedication, a definite and certain description of that which is proposed to be dedicated is necessary. (18 C. J. 57.)

[4]  The only area subject to possible dedication under the evidence would be the 16x24 foot plot immediately underlying this schoolhouse. Walker cannot be held to have dedicated that, for, as he said, he did not at the time he filed his homestead entry know upon whose land the house was situate. He thereafter placed a fence south of the school house upon his supposed line, thereby inclosing it within his forty. His horses and cows ran at large, at times exploring the interior of the house itself. While it

is true that he took part in certain school elections brought to change the school site, it is not shown how he voted; and he said he understood that "we were to have a new schoolhouse on the main road." He took no part in the bond election whatever. The evidence fully warrants the court's findings and judgment.

Appellant's reply brief contains a statement that, since the trial of this cause, James A. Walker has deeded the district that part of the alleged school site lying within his forty; that the old schoolhouse has been repaired, and that school is at present being conducted therein.

The judgment of this court will, of course, be *res adjudicata* only as to the facts presented by the record on appeal, and will in nowise serve as a bar to any right of appellant inuring from new conditions.

Judgment affirmed. Costs to respondents.

Wm. E. Lee, C. J., and Givens and Taylor, JJ., concur.