(No. 6218.   March 14, 1936.)

COEUR D'ALENES LEAD COMPANY, a Corporation, Respondent, v. HENRY B. KINGSBURY and A. D. WALLACE, Appellants.

[55 Pac. (2d) 1307.]

Walter H. Hanson and F. C. Keane, for Appellants.

James A. Wayne and Gray & McNaughton, for Respondent.

BUDGE, J.—This action is an aftermath of the case of *Wayne v. Marquardt*, 54 Ida. 211, 30 Pac. (2d) 369. Greenough, Kingsbury and Hanson, directors, and Marquardt, secretary, of respondent corporation, called a meeting of respondent's shareholders for July 7, 1931, at which meeting a new board of directors was elected, consisting of W. E. Greenough, Carlson, Burton, R. W. Greenough and Wayne. The two last named were on the same day elected secretary and president, respectively, of the corporation. Demand was then made upon the former officers and directors for all the books and records of the corporation, all of the property of the corporation, consisting mainly of certain capital stock in the Atlas Mining Company, and whatever funds there were in the treasury of the corporation. The former officers having possession of the above-described items of property refused to turn the same over to the newly elected officers, whereupon a suit in *mandamus* was brought against them. That action, tried in January, 1932, resulted in a decree confirming the election of the new officers and required Hanson and Marquardt, the former president and secretary-treasurer, respectively, to immediately deliver up to R. W. Greenough, the new secretary-treasurer, "all of the books, records, files, accounts, documents, stock-certificates,

correspondence, funds and moneys, and all papers and all property'' of respondent corporation. After entry of the aforesaid judgment Hanson and Marquardt appealed to this court and for the purpose of staying execution furnished a *supersedeas* bond in the amount of $1,000, being the amount fixed by the court upon an *ex parte* order upon application of appellants.

On March 5, 1934, the appeal in the case of *Wayne v. Marquardt, supra,* was decided adversely to appellants and in due time the *remittitur* was filed in the court below. Notice of the filing of the *remittitur* and a demand to deliver up the documents or personal property was given to appellants. Approximately one month after the filing of the *remittitur* and after failure and refusal of appellants to comply with the order and judgment entered in the lower court, in effect affirmed upon appeal, the present action was instituted to recover on the *supersedeas* bond. Appellants filed a demurrer to the complaint, which was overruled, and thereafter appellants filed a joint answer to which a demurrer was sustained and appellants then answered separately; demurrers were sustained as to the separate answers, appellants refused to plead further and judgment was then entered in favor of respondent for $1,000, the sum named in the *supersedeas* bond, together with interest and costs, and this appeal was taken.

Error is sought to be predicated upon the action of the court in overruling the demurrer to the complaint. It is conceded that the *supersedeas* bond upon which the suit was brought was given under and pursuant to the provisions of I. C. A., section 11–205. It is urged by appellants that a *supersedeas* or stay bond given pursuant to the foregoing statute is not a bond for liquidated damages upon which liability for the full amount attaches upon the failure of the party to promptly comply, or deliver the documents or personal property, but that recovery can be had thereon only for actual damages suffered and established, and in order to state a cause of action it was incumbent upon respondent to allege all of the facts and circumstances, together with a statement of the damage incurred by respondent.

Where the sum mentioned in a *supersedeas* bond is in the nature of a statutory penalty for nonperformance of a statutory duty it is not necessary to show actual damage and the whole sum may be recovered. (*Clark v. Barnard*, 108 U. S. 436, 2 Sup. Ct. 878, 27 L. ed. 780.) It therefore appears necessary to construe the provisions of I. C. A., section 11-205. It will be observed from a reading of the statute that it provides for two or alternative methods by which execution may be stayed pending appeal if the judgment or order appealed from direct the assignment or delivery of documents or personal property, providing:

"If the judgment or order appealed from direct the assignment or delivery of documents or personal property, the execution of the judgment cannot be stayed by appeal unless the things required to be assigned or delivered be placed in the custody of such officer or receiver as the court or judge thereof may appoint; or unless an undertaking be entered into on the part of the appellant with at least two sureties, and in such amount as the court or judge thereof may direct, to the effect that the appellant will obey the order of the appellate court upon the appeal."

Had appellants chosen not to have given the *supersedeas* bond the judgment or order of the court might have been executed to the extent that the documents or personal property in appellants' possession could have been placed in the custody of such officer or receiver as the court or judge thereof appointed. Had the documents or personal property been delivered to and placed in the custody of such officer, promptly upon the coming down of the *remittitur* respondent would have had the right to the possession of such property and there would have been no delay nor damage occasioned or incurred by an unlawful retention of such property on the part of appellants. However, appellants chose the latter alternative or provision of the statute, and, in order to prevent a delivery of the documents or personal property into the custody of an officer or receiver, gave the *supersedeas* bond. The sureties therein obligated themselves jointly and severally to respondent "under all statutory obligations with reference to stay of proceedings pending determination of said above entitled cause in the Supreme Court . . . . in the

sum of $1,000.00.'' The statutory obligation was that the appellant would ''*obey* the order of the appellate court upon the appeal.'' The evident purpose and object of the statute is to secure to the successful litigant, upon an affirmance of the judgment or order of the court, and upon the coming down of the *remittitur,* prompt delivery of the documents or personal property directed by the judgment or order appealed from to be assigned or delivered. Likewise, it is the evident intent and purpose that a *supersedeas* bond may be given in an amount fixed by the court in lieu of placing an officer or receiver in charge of the documents or personal property, the bond being conditioned upon the same sort of compliance with the judgment or order as would have resulted had the documents or personal property been placed in the custody of such officer. In other words, a breach of the covenant of the bond would exist upon the failure of appellants to make the documents or personal property equally as available to respondent as they would have been had they been placed in the custody of an officer or receiver appointed by the court or judge thereof, namely, prompt delivery irrespective of damage which might or might not be caused by a failure to deliver. To hold otherwise would in effect defeat the evident purpose and object of the statute. Had the documents or personal property been placed in the custody of an officer or receiver, upon the determination of the appeal respondent would have secured prompt possession thereof with neither damage nor delay. Yet, appellants' argument, carried to its logical conclusion, is in effect, that even though the documents were never returned to respondent, still there could be no recovery on the *supersedeas* bond without proof of actual damages. Appellants themselves concede that the value of the documents is almost unascertainable, saying:

''Necessarily the books, records, etc., while of value to the corporation, are a nullity as far as anyone else is concerned, and to place a value thereon would be well-nigh impossible.''

It may well be said that, likewise, the damages flowing from withholding such documents or personal property are also so uncertain and intangible as to be in effect unascertainable. In such circumstances the damages will be

regarded as liquidated and will be measured by the amount of the bond. (*Southern Surety Co. v. Petrolia Land Co.*, (Tex. Civ. App.) 252 S. W. 204; *Clark v. Barnard, supra; United States Film Co. v. United States Fidelity & Guaranty Co.*, 44 Cal. App. 227, 186 Pac. 364; *Sun Printing & Publishing Assn. v. Moore*, 183 U. S. 642, 22 Sup. Ct. 240, 46 L. ed. 366; 5 Cyc. 848; *Shelby v. Bohn*, 25 Ind. App. 473, 57 N. E. 566; *Runnels v. Laswell*, (Mo. App.) 272 S. W. 1032); and see for a consideration of numerous authorities *Northwestern Terra Cotta Co. v. Caldwell*, 234 Fed. 491.

The obligation of the sureties on such an undertaking as that given herein is not to pay such damages as the party may suffer, not exceeding the amount of the bond, as may be the case in some stay bonds, but is an obligation to obey the order of the appellate court upon the appeal, without reference to any question of damages to the other party, the whole sum of the bond being recoverable in the event of nonperformance. We are of the opinion that the complaint therefore stated a cause of action and the court did not err in overruling the demurrer thereto.

The second specification of error is to the effect that the court erred in making and entering judgment, appellants urging that they were not in default; that their separate answers specifically deny the existence of any indebtedness due or any breach of the covenants of the bond and state facts which constitute a defense to the alleged cause of action.

Respondent after alleging in its complaint the giving of the *supersedeas* bond and other matters in connection therewith alleges a breach in the following language:

"That the defendants have at all times failed, neglected and refused, and still fail, neglect and refuse to either obey the judgment and/or order of the above entitled court from which said appeal was taken, and which judgment and/or order was affirmed by said supreme court as aforesaid, or to pay this plaintiff the amount of said undertaking for stay of proceedings, namely, $1,000. And neither the said Herman Marquardt and/or Walter H. Hanson, nor any one whomsoever, has delivered to plaintiff said books, records, monies, property, documents, files or correspondence, as required by said judgment and/or order."

Appellants' separate answers consist of admissions, denials and affirmative defenses. Ignoring for the time being the affirmative matter contained in the separate answers and the demurrers directed thereto the separate answers disclose that while appellants admit they have not paid respondent the amount of the undertaking, and likewise admit many of the allegations of the complaint, particularly with reference to the giving of the *supersedeas* bond, the alleged breach set forth in the complaint of a neglect and refusal to obey the judgment or order of the court is denied in the following language:

*"This answering defendant denies that he has failed to comply with said judgment* but admits that he has failed to pay the plaintiff the amount of said undertaking for stay of proceedings, to-wit, $1,000.00."

Further, the separate answers in effect traverse the allegations of the complaint setting forth the breach, denying *in haec verba* the breach in the manner and form as alleged in the complaint, as follows:

"This answering defendant denies each and every other allegation, statement, matter, and/or thing contained in said complaint not hereinbefore specifically admitted, *said denial being intended to be as full and complete as though each and every allegation so referred to were denied in haec verba herein and at this place."*

The only portions of respondent's demurrers to the separate answers which do not relate specifically to the affirmative matter of the answers, recite:

"That the said amended answer does not state facts sufficient to constitute a defense or counterclaim to plaintiff's cause of action."

The rules governing pleas or answers in civil cases generally apply to a plea or answer in an action on a bond. Thus a plea must be responsive to the allegations of the complaint as by traversing issuable facts which go to the merits of the case. (9 C. J., sec. 187, p. 105.) It appears that by their answers appellants not only specifically denied that they had failed to comply with the judgment but likewise specifically traversed and denied that they had breached the contract in the manner and form alleged by respondent, which

it would appear constituted a substantial denial of the breach, raising an issue. In *Miller v. Elliott*, 1 Ind. 484, 50 Am. Dec. 475, in a suit upon a bond the court said:

"The first plea alleged that the defendant had not broken his said covenants in manner and form as the plaintiff had above thereof complained against him, concluding to the contrary. We think that, upon the authority of the case of *The State v. Scott et al.*, 6 Blackf. 263, the demurrer to this plea (the demurrer being general) should have been overruled. The plea is a substantial denial of the breaches."

"In debt on a bond conditioned for the performance of covenants, where all the covenants are in the affirmative, a plea of performance generally is sufficient, and it must come from the other side to show a breach committed by defendant." (9 C. J., sec. 193, p. 108.)

The averment of the contrary of what is alleged in the complaint is equivalent to an ordinary denial (*Nesbitt v. DeMasters*, 44 Ida. 143, 255 Pac. 408, 409) serving the purpose of raising direct issue upon respondent's allegation. (*Smith v. Marley*, 39 Ida. 779, 230 Pac. 769.)

The affirmative matter contained in appellants' separate answers cannot be construed as being out of harmony with the foregoing denials or as admitting a failure to comply with the judgment. We are of the opinion that the separate answers of appellants put in issue the question of whether or not there had been a breach as alleged in the complaint and that the court erred in sustaining the demurrers thereto in this respect and in entering a default judgment against appellants.

Paragraphs II, III and IV of respondent's demurrers are specifically directed to the affirmative defenses contained in appellants' separate answers, and, also appellants' demurrer to the complaint contains other matters not considered nor passed upon herein. However, no assignment of error specifically or particularly raises any question with respect to the court's action upon such matters and there are no authorities cited nor argument contained in the briefs upon such questions and they therefore need not be considered. (*State v. Richardson*, 56 Ida. 150, 50 Pac. (2d) 1012.)

In view of the conclusion reached, it appears to be unnecessary, if not improper, for this court to consider or pass upon the question of respondent's right to a recovery of interest and costs in addition to the sum named in the bond.

It follows from what has been said that the judgment should be reversed and the cause remanded to the trial court with instructions to overrule the demurrers to the separate answers and to proceed in accordance with the views herein expressed, and it is so ordered. Costs awarded to appellants.

Givens, C. J., concurs.

MORGAN, J., Concurring. — That part of the opinion which holds it was error to sustain general demurrers to the answers, wherein facts are alleged sufficient to constitute a defense to the complaint, and that the judgment appealed from should be reversed, is sound and I concur in it.

Although the parties have, in this case, referred to and treated *Wayne v. Marquardt*, 54 Ida. 211, 30 Pac. (2d) 369, as an appeal from a judgment, the fact must not be lost sight of that, as in the opinion in that case stated, it was an appeal from an order denying a motion for a new trial, which order was sustained on the ground that appellants did not give notice of intention to move for a new trial, nor did they move for a new trial, within the time prescribed by statute; also that the district court was without jurisdiction to entertain the motion and properly denied it.

The district court being without jurisdiction to hear and determine the motion for a new trial because it was neither noticed nor made within the time prescribed by statute, the motion was a nullity and should have been stricken from the files. The action of the judge denying it amounted to an order striking it because of lack of jurisdiction to consider it.

This state of facts presents the question: Does an appeal from an order denying a void and ineffectual attempt to move for a new trial, coupled with a *supersedeas* bond given to stay the execution of the order, stay the execution of the judgment from which no appeal was taken?

As a general rule, in order for a *supersedeas* bond to stay the execution of a judgment an appeal must be taken from the judgment. (*Anderson v. Tingley*, 20 Wash. 592, 56

Pac. 371; *Carit v. Williams,* 67 Cal. 580, 8 Pac. 93; *DeLeonis v. York,* 140 Cal. 333, 73 Pac. 1058; *Powell v. Bradley,* 86 Kan. 198, 119 Pac. 543; *Inspiration Consol. Copper Co. v. Mendez,* 19 Ariz. 151, 166 Pac. 278; *Pratt v. Western Stage Co.,* 26 Iowa, 241; *City of Louisville v. Muldoon,* (Ky.) 43 S. W. 867; *Magruder v. Kittle,* 2 Neb. (Unof.) 418, 89 N. W. 272.) It is also a general rule that when an order from which an appeal has been taken is self-executing and no process is required for its enforcement, *supersedeas* has no application to it. There is nothing to stay or supersede. (*People v. City of Westmoreland,* 135 Cal. App. 517, 27 Pac. (2d) 394.)

It has been held by the California supreme court that the giving of a *supersedeas* bond on appeal from an order denying a motion for a new trial stays the execution of the judgment. (*Fulton v. Hanna,* 40 Cal. 278; *Tompkins v. Montgomery,* 116 Cal. 120, 47 Pac. 1006; *Owen v. Pomona L. & W. Co.,* 124 Cal. 331, 57 Pac. 71; *Holland v. McDade,* 125 Cal. 353, 58 Pac. 9; *Baldwin v. Superior Court,* 125 Cal. 584, 58 Pac. 185.) In each case so holding a valid motion for a new trial had been made and denied. The reason given for the position taken by the California court on this question is to be found in the following quotation from *Fulton v. Hanna,* above cited:

"Although an appeal from an order denying a motion for a new trial is in a different and distinct line of proceeding from a direct appeal from a judgment, still a reversal on appeal from the order denying a motion for a new trial and remanding the cause for retrial, as effectually vacates the judgment as a reversal of the judgment upon a direct appeal therefrom; . . . . "

That distinguishes the case before us from the California cases. In our case the motion for a new trial was void, because neither noticed nor made in time, and was ineffectual to bring about a reversal of the judgment or to procure an order remanding the cause for retrial. No order could have been made in that case by the trial judge, or by this court on appeal, which would have had any effect whatever on the judgment.

Our decision in *Wayne v. Marquardt* to the effect that the attempted motion for a new trial was a nullity and that the district court was without jurisdiction to entertain it, seems to me to be decisive of the question before us. No motion for a new trial having been noticed, or made in time, places the case in exactly the position it would be in if none had been attempted.

Assuming, but not deciding, an appeal from an order denying a valid motion for a new trial, coupled with a *supersedeas* bond, will prevent the issuance of an execution although no appeal has been taken from the judgment, *I am not prepared to join in a decision that, when an ineffectual attempt has been made to move for a new trial and an appeal has been taken from an order denying it, and a supersedeas bond has been given, execution of the judgment which has not been appealed from, is thereby stayed. In such a case there is no appeal from the judgment, no motion for a new trial, nothing but a supersedeas bond with nothing to supersede.*

The parties litigant may, if they so desire, proceed on the erroneous theory that the appeal in *Wayne v. Marquardt* was from the judgment and, therefore, the *supersedeas* bond stayed execution. We are not in position to follow that theory because we have made a record which recites the truth of the matter and which cannot be changed, nor can the facts therein stated be ignored.

Since the *supersedeas* bond did not stay execution of the judgment there can be no liability on the part of appellant, the sureties thereon.

HOLDEN, J.—I concur in the opinion of Justice Morgan.

AILSHIE, J., Specially Concurring.—I was not present on the oral argument of this case but since the sitting Justices are not able to agree upon the grounds on which the case should be decided, the record and briefs have been referred to me by the Chief Justice with the request that I examine the matter and express my views thereon.

Primarily and fundamentally the appeal taken in *Wayne v. Marquardt*, 54 Ida. 211, 30 Pac. (2d) 369, in which the *supersedeas* bond was given, was not taken from any

affirmative order or judgment. It was simply taken from a negative order. The appellants had moved the court for a new trial. The court denied the motion; technically and literally speaking there was nothing to stay. The court having merely refused to grant the request of the appellants, a stay of his refusal would accomplish nothing. However, we must view this from a practical standpoint, as the matter occurred in the processes of actual court procedure. After appellants' motion for new trial had been denied and they had taken their appeal, they desired to have the judgment, which they had asked to have vacated, stayed until such time as they could obtain a ruling of the Supreme Court on the question as to whether or not they were in fact entitled to a new trial. Of course it would do them no good to have that order reviewed and have this court say that it was erroneous, if in the meanwhile the trial court permitted the original judgment to be carried out, which was one that might have been enforced through a contempt order.

It must be remembered that the judgment which the appellants were seeking to have vacated was a judgment directing them to deliver over to the respondent papers, books, documents and other personal property. Finding themselves in this legal plight, that the judgment against them might be enforced by contempt proceeding while an appeal was pending from an order denying them a new trial, they obtained an order authorizing them to supersede the judgment by giving a bond in the penal sum of $1,000. They then applied to the appellants herein, Kingsbury and Wallace, to execute a stay bond in compliance with the order, which they did. In that bond they recited as follows:

"Whereas, the above-named defendants Herman Marquardt and Walter H. Hanson have heretofore applied to the above-entitled court for an order fixing a bond to stay all proceedings in connection with the said final judgment in said cause pending a determination of the above-entitled cause by the Supreme Court of the State of Idaho, and whereas, the above-entitled court has heretofore made an order fixing the amount of said bond at the sum of $1000.00;

"Now therefore, we, the undersigned sureties, do hereby obligate ourselves jointly and severally to the above-named

plaintiffs under all statutory obligations with reference to stay of proceedings pending determination of said above-entitled cause in the Supreme Court of the State of Idaho, in the sum of $1000.00.''

Now this bond having been given for the purpose of superseding the main judgment; the judge and the defendants and the bondsmen so believing and intending, and even so treating it in this action on the bond; and the bond actually having accomplished that purpose, I think it is too late to allow the principals or their sureties to contend otherwise after the judgment has become final and is not complied with.

As stated by Mr. Justice Morgan, it has been held by the California court that the giving of a *supersedeas* bond on appeal from an order denying a motion for a new trial stays execution of the judgment on which a new trial was asked. The cases cited by him have been followed and approved in the following cases: *Starr v. Kreuzberger*, 131 Cal. 41, 63 Pac. 134; *Credits Commutation Co. v. Superior Court*, 140 Cal. 82, 73 Pac. 1009; *Weldon v. Rogers*, 154 Cal. 632, 98 Pac. 1070. In *Credits Commutation Co. v. Superior Court*, *supra*, the court after citing and discussing previous cases, said:

''A reversal of an order denying a new trial has the same effect as an order granting a new trial, which is to vacate the judgment. A reversal of a judgment upon a direct appeal has precisely the same effect, and no more; it merely vacates the judgment. The relief being, in form and substance, the same in both cases, an appeal from an order denying a new trial should be held to be, in legal effect, an indirect appeal from the judgment; and, thus considered, the rule with respect to a stay of proceedings on such indirect appeal should be the same as upon a direct appeal from the judgment, and all the requirements of the Code in regard to undertakings for stay of proceedings on appeal from different forms of judgments should be held applicable also to appeals from orders denying a new trial after such judgments.''

As held by the foregoing authority, the reversal of an order denying a new trial amounts to a reversal of the judgment, so the affirmance of an order denying a new trial

amounts to an affirmance of the judgment which it was sought to have vacated. Under the statute and rule in this state (sec. 11–218, I. C. A.),

"The dismissal of an appeal is in effect an affirmance of the judgment or order appealed from, unless the dismissal is expressly made without prejudice to another appeal."

The fact that this court affirmed the judgment of the lower court in *Wayne v. Marquardt,* in refusing to grant a new trial, and predicated the decision *on the ground that notice of intention to move for a new trial had not been made and served within the time prescribed by the statute,* and that such procedure was essential to the granting of the motion, cannot be accepted as the test of liability in an action to recover on the *supersedeas* bond. The trial court and all parties concerned appear to have acted and proceeded on the theory that the bond stayed the judgment pending the appeal in *Wayne v. Marquardt.*

We must not lose sight of the distinction between action *without jurisdiction* and the *commission of error.* The trial court undoubtedly had jurisdiction to' pass upon and dispose of the motion for new trial and in denying the motion he neither acted without jurisdiction nor committed error. Had he granted the motion he would have committed error for the reasons stated in the opinion in *Wayne v. Marquardt:* namely, that notice and motion had not been made and served within the time prescribed · by the statute, but the court would have had jurisdiction to commit the error. (*Baldwin v. Anderson,* 50 Ida. 606, 299 Pac. 341; *American Surety Co. v. Baldwin,* 287 U. S. 156, 53 Sup. Ct. 98, 77 L. ed. 231, 86 A. L. R. 298; *Richardson v. Ruddy,* 15 Ida. 488, 98 Pac. 842; *Taylor v. Hulett,* 15 Ida. 265, 97 Pac. 37, 19 L. R. A., N. S., 535.) If he had jurisdiction to either deny the motion or strike it from the files, he necessarily had the jurisdiction to allow the motion or deny an application to strike it from the files although such an order would have been erroneous. Each such order would have been appealable. (Sec. 11–201, I. C. A.)

The fact, that it turns out on appeal that a judgment has been properly entered, cannot be accepted as the test of whether or not a *supersedeas* bond given on appeal from the

judgment is binding on the sureties. For illustration: suppose that in *Wayne v. Marquardt* the trial court had held that the notice of intention to move for new trial had been timely made and served and had granted a new trial, and no appeal had been taken, all parties had participated, and the case had been again tried and judgment entered, could it be said that the subsequent judgment was without jurisdiction and void? The answer would inevitably be in the negative.

The district court had jurisdiction of the subject matter and of the persons of the different litigants. It also had jurisdiction to try and determine the kind of case and proceeding pending before it. It was the duty of the court to pass upon and dispose of the motion for new trial, and a refusal to do so would have entitled the moving party to a writ of mandate compelling the trial court to rule upon the motion. (*Connolly v. Woods*, 13 Ida. 591, 598, 92 Pac. 573; *St. Michael's Monastery v. Steele*, 30 Ida. 609, 611, 167 Pac. 349; *Boone v. District Court*, 38 Ida. 688, 691, 224 Pac. 429; *Hill v. Morgan*, 9 Ida. 718, 726, 76 Pac. 323.)

"Even where discretion is vested, if that discretion under the facts can be legally exercised in but one way, mandate will lie to compel the inferior tribunal so to exercise it." (*Newlands v. Superior Court*, 171 Cal. 741, 154 Pac. 829, 831.)

I cannot escape the conclusion that the *supersedeas* bond served to stay the enforcement of the judgment and that the bond in this case (for the delivery of papers, books, documents, etc.) is a liquidated obligation.

Givens, C. J., concurs.